The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, Arkansas 72811
Dear Mr. Gibbons:
I am writing in response to your request, on behalf of the Russellville City Attorney, for an opinion on whether A.C.A. § 25-19-108, a provision of the Arkansas Freedom of Information Act ("FOIA") applies to counties, cities, school districts, or other political subdivisions of the state.
RESPONSE
It is my opinion that the answer to your question is "no."
The section at issue, A.C.A. § 25-19-108, was enacted as a part of Act 1653 of 2001. The relevant section provides as follows:
25-19-108. Information for public guidance.
 (a) Each state agency, board, and commission shall prepare and make available:
 (1) A description of its organization, including central and field offices, the general course and method of its operations, and the established locations, including, but not limited to, telephone numbers and street, mailing, electronic mail, and Internet addresses and the methods by which the public may obtain access to public records;
 (2) A list and general description of its records, including computer databases;
 (3)(A) Its regulations, rules of procedure, any formally proposed changes, and all other written statements of policy or interpretations formulated, adopted, or used by the agency, board, or commission in the discharge of its functions.
 (B)(i) Rules, regulations, and opinions used in this section shall refer only to substantive and material items that directly affect procedure and decision-making.
 (ii) Personnel policies, procedures, and internal policies shall not be subject to the provisions of this section.
 (iii) Surveys, polls, and fact gathering for decision-making shall not be subject to the provisions of this section.
 (iv) Statistical data furnished to a state agency shall be posted only after the agency has concluded its final compilation and result.
 (4) All documents composing an administrative adjudication decision in a contested matter, except the parts of the decision that are expressly confidential under state or federal law; and
 (5) Copies of all records, regardless of medium or format, released under § 25-19-105 which, because of the nature of their subject matter, the agency, board, or commission determines have become or are likely to become the subject of frequent requests for substantially the same records.
 (b)(1) All materials made available by a state agency, board, or commission, pursuant to subsection (a) of this section and created after July 1, 2003, shall be made publicly accessible, without charge, in electronic form via the Internet.
 (2) It shall be a sufficient response to a request to inspect or copy the materials that they are available on the Internet at a specified location, unless the requester specifies another medium or format under § 25-19-105(d)(2)(B).
(Emphasis added).
The language of the statute above refers to "state agenc[ies], board[s] and commission[s]." Local governments and school districts are not mentioned. In my opinion the plain language of the section does not apply to such local entities. In addition, this section was added to the FOIA after its initial proposal in the report of the" Electronic Records Study Commission" created by Act 1060 of 1999. The relevant section proposed by the Study Commission was not enacted by the legislature exactly as the Commission proposed. The legislature made several amendments to the language proposed by the Commission, and its place of codification within the FOIA was altered. For purposes of your question, however, the pertinent language did not change. The "Report of the Electronic RecordsStudy Commission Recommendations for Amendments to the ArkansasFreedom of Information Act" (December 15, 2000) states as follows regarding the issue you raise:
 The Commission considered extending the requirements of new Section 25-19-104 [now 25-19-108] to all entities subject to the FOIA but decided not to recommend this step because small cities, counties, and school districts would have difficulty complying at the present time.
Report, supra at p. 23.
In my opinion, therefore, the answer to your question is "no."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh